UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DORA BRIDGETTE SYKES, CASE NO.: 5:26-cv-00152

-cv-Plaintiff,

v.

CRIPPEN & CO., LLP,
a Florida Limited Liability Partnership,

Defendant.
_______________________________________/

**COMPLAINT FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 et seq,**

Plaintiff, DORA BRIDGETTE SYKES sues Defendant, CRIPPEN & CO., LLP, and alleges:

**Parties, Jurisdiction and Venue**

1. Plaintiff is an individual residing in Marion County, Florida.

2. Defendant is a Florida limited liability partnership doing business in Marion County, Florida, and is an employer within the meaning of 42 U.S.C. § 12111(5).

3. At all relevant times, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

5. This Court has jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper because the unlawful employment practices alleged herein occurred in this District in Marion County, Florida.

**Conditions Precedent**

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 20, 2025.

8. The EEOC issued a Notice of Right to sue dated December 3, 2025.

9. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

10. Plaintiff has satisfied all conditions precedent to bringing this action.

**Factual Allegations**

11. Plaintiff was initially employed by Defendant as an accountant on or about July 24, 2023.

12. In April of 2025, Plaintiff, during the time of her employment, was stricken with an autoimmune condition that caused temporary blindness and other symptoms.

13. Plaintiff's condition substantially limited one or more major life activities, including seeing, reading, working, and driving a car.

14. Plaintiff was a qualified individual under the ADA because she could perform the essential functions of her position with or without reasonable accommodation.

15. Plaintiff notified Defendant of her medical condition and resulting vision impairment and loss.

16. Plaintiff requested reasonable accommodations, including assistance, modifications to her work environment, temporary leave, and/or other adjustments that would have allowed her to perform the essential functions of her position.

17. Defendant failed and refused to engage in an interactive process and failed and refused to provide any reasonable accommodation despite repeated notice and requests for accommodation.

18. Defendant was aware of its obligations under the ADA and nonetheless failed and refused to engage in the interactive process or provide any reasonable accommodation.

19. Within days Plaintiff disclosed her condition and requested accommodation, Defendant terminated Plaintiff's employment on June 2, 2025.

20. Defendant regarded Plaintiff as disabled.

21. Defendant terminated Plaintiff because of her disability, her record of disability, and/or because Defendant regarded Plaintiff as disabled.

22. As a direct and proximate result, Plaintiff suffered lost wages, lost

benefits, emotional distress, and other damages.

23. Plaintiff has retained the law firm of GILLIGAN, ANDERSON, WILLIAMS & GREEN, P.A. and is obligated to pay a reasonable attorney fee for the prosecution of this action and claims same against Defendant.

**Count I - Disability Discrimination- Failure to Accommodate**

24. Plaintiff realleges paragraphs 1–23 as if fully set forth herein.

25. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

26. Defendant knew of Plaintiff's disability.

27. Plaintiff requested reasonable accommodations.

28. Defendant failed and refused to provide reasonable accommodations.

29. Defendant failed to engage in the interactive process in good faith.

30. Defendant's conduct constitutes unlawful discrimination in violation of the ADA.

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, loss of future earning capacity, emotional pain and suffering, mental anguish, and humiliation and other compensatory damages.

32. Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights under the ADA, thereby entitling Plaintiff to recover

punitive damages pursuant to 42 U.S.C. § 1981a.

**Count II – Disability Discrimination - Termination**

33. Plaintiff realleges paragraphs 1–23 as if fully set forth herein.

34. Plaintiff was a qualified individual with a disability under the ADA.

35. Defendant terminated Plaintiff because of her disability, her record of disability, and/or because Defendant regarded Plaintiff as disabled.

36. Defendant's actions constitute unlawful discrimination in violation of the ADA.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, loss of future earning capacity, emotional pain and suffering, mental anguish, and humiliation and other compensatory damages.

38. Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights under the ADA, thereby entitling Plaintiff to recover punitive damages pursuant to 42 U.S.C. § 1981a.

**Count III – ADA Retaliation**

39. Plaintiff realleges paragraphs 1–23 as if fully set forth herein

40. Plaintiff engaged in statutorily protected activity by requesting reasonable accommodations for her disability.

41. Plaintiff also engaged in protected activity by opposing Defendant's

refusal to provide reasonable accommodations.

42. Defendant was aware of Plaintiff's protected activity.

43. Shortly after Plaintiff engaged in protected activity, Defendant terminated Plaintiff's employment.

44. Defendant's termination of Plaintiff was causally related to her protected activity.

45. Defendant's actions constitute unlawful retaliation in violation of 42 U.S.C. § 12203.

46. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered lost wages and benefits, loss of future earning capacity, emotional pain and suffering, mental anguish, humiliation, and other compensatory damages.

47. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights under the ADA, thereby entitling Plaintiff to recover punitive damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE**,** Plaintiff requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff back pay, front pay, and lost benefits;

c. Award compensatory damages for emotional distress and other non-economic losses;

d. Award punitive damages pursuant to 41 U.S.C. § 1981a;

e. Award pre-judgment and post-judgment interest as allowed by law;

f. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205; and

g. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated February 27, 2026

GILLIGAN, ANDERSON,
WILLIAMS, & GREEN, P.A.

***/s/ Gwendolyn Pasteur Williams***
By: ______________________________
Gwendolyn Pasteur Williams
Florida Bar No. 107205
Patrick G. Gilligan
Florida Bar No. 107205
1531 SE 36th Avenue
Ocala, Florida 34471
Phone: (352) 867-7707
Attorneys for Plaintiff
gwilliams@ocalalaw.com (primary)
pgilligan@ocalalaw.com (secondary)
scrandall@ocalalaw.com (secondary)